UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

TARONALD WILLIAMS, and others
similarly situated,

    Plaintiffs,

v.

AIR SERV CORPORATION, and ANNA
ORTIZ, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, Taronald Williams, and all others similarly situated (hereinafter referred to as "Plaintiffs", unless Williams is referred to individually as "Williams"), through their undersigned attorneys, file this Complaint against the Defendants, Air Serv Corporation and Anna Ortiz (hereinafter, "Defendant", unless referred to individually), and allege:

## JURISDICTION AND VENUE

1.    This suit is brought against the Defendant pursuant to 29 U.S.C. § 201 *et seq.* ("Fair Labor Standards Act" or "FLSA"). Defendant has a policy to disallow any employee working in curb-side check-in from working more than 40 hours per week, and thus makes those employees clock out once they have worked their shift and work the remainder of the day off of the clock, often resulting in 3 hours of off-of-the-clock work per day at the Defendant's Fort Lauderdale, Florida location. Williams seeks to form a collective action with respect to workers at the Defendants' Fort Lauderdale, Florida facility who are similarly situated and subject to the same overtime violations.

2. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3. Venue is proper for the United States District Court for the Southern District of Florida because:

(a) Plaintiffs were employed in the Southern District of Florida by the Defendant, which at all material times conducted, and continue to conduct, business in the Southern District of Florida; and

(b) Additionally, venue lies pursuant to 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Plaintiffs' claims occurred within the Southern District of Florida, and because the Defendant is subject to personal jurisdiction there.

## CONDITIONS PRECEDENT

4. Plaintiffs have complied with all conditions precedent in this case, or they have been waived.

## PARTIES

5. Plaintiffs work and reside within Broward County, Florida. Plaintiffs are individuals who are and were employed by the Defendant in the last 3 years who worked for the Defendant's Fort Lauderdale, Florida location as customer service representatives who were required to clock out when their shift ended but to continue working under the direction of Defendant Ortiz, which resulted in significant amount of overtime being worked because the Plaintiffs were on 40-hour week schedules.

6. During all relevant times, the corporate Defendant conducted substantial and continuous business in the Southern District of Florida.

7. During all relevant times, Anna Ortiz is an individual who manages the corporate Defendant's Fort Lauderdale, Florida office and had and has day-to-day operational control of that

2

office, who, at all times material, conducted substantial and continuous business in the Southern District of Florida, and is subject to the laws of the State of Florida.

8. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d) of the Fair Labor Standards Act. Defendant is an "enterprise" pursuant to 29 U.S.C. § 203(r) of the Fair Labor Standards Act. Defendant Ortiz has the power to hire and fire and exercises it regularly, and has the power to determine hours worked and wages paid and has done so with respect to the Plaintiffs.

9. Defendant is an enterprise "engaged in commerce" pursuant to 29 U.S.C. § 203(s) of the Fair Labor Standards Act.

10. During all times relevant to this action, Defendant was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s), as the corporate Defendant has over 50 employees in its Fort Lauderdale location who are handling, working, and using goods or materials that have been moved in interstate commerce and has far in excess of $500,000 in gross sales volume in the years 2012-16. The Plaintiffs are also entitled to invoke individual coverage under the FLSA, as they participated day-to-day in the actual movement of people and things across state lines, as they handled items for shipment and processed people to travel interstate as part of their day-to-day duties.

11. Plaintiffs are all "employee[s]" pursuant to 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act.

12. Plaintiffs (and all similarly situated employees) are and were non-exempt employees of Defendant who were subject to the payroll practices and procedures described in Paragraphs 22, 23, and 24 below, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

13. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiffs, and all those similarly situated, performed services for Defendant for

which no provision was made to properly pay for those hours in which overtime was required to be paid, which requires the payment of wages at time and one-half for all hours worked in excess of forty (40) hours in each workweek.

## STATEMENT OF FACTS

14. Within the past three (3) years, the Plaintiffs have worked for the Defendant classified as laborers working at the Defendant's Fort Lauderdale facility. Williams complained repeatedly about having to work overtime hours without properly being paid for them, but was told that it was part of the job.

15. Plaintiffs performed largely laborer tasks in their position with the Defendant, and Defendant Ortiz was their supervisor, and did not have the ability to hire or fire anyone (nor did they hire or fire anyone), and they did not regularly and customarily direct the work of two or more workers, much less full-time workers.

16. The Plaintiffs were all given tasks that were designed to facilitate the business of the Defendant, which is in need of laborers.

17. The Plaintiffs are all non-exempt workers entitled to overtime and the Defendant is not an air carrier, much less one engaged in interstate or foreign commerce, and the corporate Defendant is not a company that undertakes for hire to transport from place to place the property of others who may choose to employ it.

18. The Defendant intentionally failed to pay overtime to Plaintiffs to simply cheat them out of their wages (make them work for free), and the Defendant and its representatives knew that Plaintiffs were working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay, but were paying them nothing for their work off of the clock.

19. The corporate Defendant does not perform transportation-related services, and does not hold itself out to the public or a definable segment of the public as being willing to transport for hire, indiscriminately.

20. The corporate Defendant's relevant operations are not "controlled by" an air carrier, and the Defendant does not give off the presence of a 'holding out' to transport the property or person of any member of the public who might choose to employ the proffered service the Defendant offers.

21. The corporate Defendant is not providing services necessary to the operations of a common carrier, and no air carrier controls the corporate Defendants' employees much less in the manner where any air carrier controls the details of the day-to-day process by which the corporate Defendant provides services—for example, the number of employees assigned to particular tasks, the employees' attire, the length of their shifts, and the methods they use in their work.

22. In the course of employment with Defendant, Plaintiffs (and all others similarly situated) worked the number of hours required of them, but were not paid time and one-half for all hours worked in excess of forty (40) during a workweek.

23. Plaintiffs regularly worked in excess of forty (40) hours per workweek.

24. The Defendant is not going to have accurate records of hours worked, because it required hours worked off of the clock and/or kept no records of the hours worked by the Plaintiffs, but rather attempted to compensate the Plaintiffs for some of the overtime hours via the provision of the vouchers as described above as bonus monies, and made the Plaintiffs work for charities without any compensation at all, and to also donate money to charities, against the will of the Plaintiffs. The Plaintiffs received paychecks stating that the pay was to compensate them for their first 40 hours worked, with no compensation for any of the overtime hours worked, as the paychecks merely

stated 40 units or hours, with the wages that the Defendant intended to compensate the Plaintiffs for those 40 hours, with no mention as to the number of actual hours worked.

25. Plaintiffs have retained the undersigned legal counsel to prosecute this action in their behalf, and have agreed to pay them a reasonable fee for their services.

26. Plaintiffs are entitled to their reasonable attorneys' fees for prosecuting this action, whether or not they are the prevailing party.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

27. Plaintiffs, and all those similarly situated, re-adopt, incorporate by reference, and re-allege Paragraphs 1 through 26 above as though fully set forth.

28. Plaintiffs, and all those similarly situated, are entitled to be paid time and one-half for each hour worked in excess of forty (40) in each workweek.

29. By reason of the intentional, willful, and unlawful acts of Defendant, all Plaintiffs (and those similarly situated to them) have suffered damages, *e.g.*, back pay for overtime wages, liquidated damages, and compensatory damages, plus incurring costs and reasonable attorneys' fees.

30. As a result of the Defendant's willful violations of the Act, and the failure to pay overtime which was not in good faith, as discussed above, all Plaintiffs (and those similarly situated to them) are entitled to liquidated damages as provided in § 216 of the FLSA, and are entitled to recover damages for three (3) years.

31. The willfulness includes deliberate violations of the Fair Labor Standards Act, which includes forced work off of the clock.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs, and all those similarly situated, demand judgment against Defendant for the wages and overtime payments due them for the hours worked by them for which they have not been properly

compensated (back pay), liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including pre-judgment interest, and any further relief that the Court deems necessary.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: ___August 2, 2016_____

                            Respectfully submitted,

                            By:__s/ *Chris Kleppin*_____
                                Chris Kleppin
                                Fla. Bar No. 625485
                                ckleppin@gkemploymentlaw.com
                                Chelsea A. Lewis
                                Fla. Bar. No. 111607
                                clewis@gkemploymentlaw.com
                                Glasser & Kleppin, P.A.
                                *Attorneys for Plaintiff*
                                8751 West Broward Blvd, Suite 105
                                Plantation, Florida 33324
                                Tel. (954) 424-1933
'                              Fax: (954) 474-7405
Secondary E-Mails:   esinclair@gkemploymentlaw.com
                                dcano@gkemploymentlaw.com